JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue ("Motion"), filed by defendant Lonita K. Baker ("Defendant"). (Docket No. 19.) The Motion has been fully briefed.[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for June 24, 2024 was vacated and the matter taken off calendar. (See Docket No. 24.)

**I.    Background**

Plaintiffs Atyria S. Clark ("Clark") and The Diva Lawyers Social Club Inc. ("Diva Lawyers Club") (collectively, "Plaintiffs") are the owners of the federally registered mark "Diva Lawyers" ("Diva Lawyers Mark" or "Plaintiffs' Mark"). The Diva Lawyers Club is a California non-profit corporation. Clark is an attorney and member of the Diva Lawyers Club who resides and practices law in California. Defendant Lonita K. Baker ("Defendant") – an attorney practicing in Kentucky – owns the mark "Diva Attorney, Lonita K. Baker" ("Diva Attorney Mark" or "Defendant's Mark"). (Docket No. 1 ¶ 7.)

Plaintiffs allege that the Diva Attorney Mark is "likely to confuse the public that Defendant is a member of or otherwise associated with Plaintiffs, and therefore is infringing Plaintiffs' federal and common law rights in" the Diva Lawyers Mark. (Id. ¶ 17.) Defendant uses the Diva Attorney Mark on her website and social media pages. Plaintiffs allege that Defendant also uses her mark "in circles of other attorneys and at various networking events and business events, including events taking place in the State of California." (Id. ¶ 16.) The

---

[1] Per the Court's June 14, 2024 Minute Order (Docket No. 24), Defendant filed a Supplemental Declaration in support of her Motion (Docket 27), and Plaintiffs filed a response (Docket No. 29).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

Complaint alleges three claims: (1) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) trademark infringement under California law; and (3) unfair competition in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. Defendant now moves to dismiss the action for lack of personal jurisdiction.[2/]

## II. Legal Standards

A defendant may move to have a complaint dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588–89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975)).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional

---

[2/] Defendant also contends that venue is improper in this district. The Court, however, does not address this argument given its ruling on the Motion to Dismiss for lack for personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

### A. General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

### B. Specific Jurisdiction

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284. In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 284–85; see also id. at 286 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interaction with other persons affiliated with the State." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

**III.     Discussion**

Defendant contends that the Court lacks general and specific personal jurisdiction over her. Plaintiffs not dispute the Court's lack of general personal jurisdiction. Rather, Plaintiffs argue that the Court has specific personal jurisdiction over Defendant. (See generally Docket No. 23.)

**A.     Specific Personal Jurisdiction**

The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a non-resident defendant:

>     (1)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
>     (2)     The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
>     (3)     The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test . . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476–78)).

**1.     First Prong**

A defendant purposefully avails herself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between [defendant] and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475–76).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

Purposeful direction requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). The Ninth Circuit previously held that the "express aiming" requirement of the purposeful direction test was satisfied by a defendant's "individualized targeting," or wrongful conduct targeted at a plaintiff whom the defendant knew to be a resident of the forum state. See Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017). Now, however, "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, [but] it will not, on its own, support the exercise of specific jurisdiction." Id. In a similar vein, the Ninth Circuit has held that the "operation of an interactive website does not, by itself, establish express aiming" without "something more – conduct directly targeting the forum." Herbal Brands, Inc. v. Photoplaza, Inc., 72 F.4th 1085, 1091 (9th Cir. 2023) (internal quotations omitted).

      Because the claims in this case are for trademark infringement and violations of California's Unfair Competition Law, the Court applies a purposeful-direction analysis. See Sec. Alarm Fin. Enters., L.P. v. Nebel, 200 F. Supp. 3d 976, 984 n.8 (N.D. Cal. 2016) ("Trademark and false advertising claims are akin to tort claims, and therefore, are analyzed under the purposeful direction test." (citing Panavision International, L.P. v. Topeen, 141 F.3d 1316, 1320–21(9th Cir. 1998)); Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 960 (N.D. Cal. 2015) ("[C]ourts in the Ninth Circuit require a showing of purposeful direction for claims brought pursuant to [California's Unfair Competition Law]." (internal quotations omitted)).

      Plaintiffs contend that Defendant has the "minimum contacts" necessary for this Court to exercise specific personal jurisdiction for the following reasons: (1) Defendant traveled to California three times in the past five years in her capacity as president of the National Bar Association; (2) Defendant maintains a website with the url www.divaattorney.com and has a social media presence under the name "Diva Attorney"; and (3) Defendant participated in a national podcast where she discussed her intent to establish her "Diva Attorney" brand. (Docket No. 23 at p. 7.)

      In her Motion to Dismiss, Defendant focuses on the second element of the purposeful direction test, contending that she did not commit an intentional act that was "expressly aimed" at the forum state. Defendant submits a Declaration in which she attests that: (1) she does not conduct any business in California; (2) she has not used her social media pages or website to target citizens of California or garner legal business in California; (3) she has not held herself out as "Diva Attorney" in "professional settings"; and, (4) when she served as the president of the National Bar Association, she did so under the name "Lonita Baker." (Docket No. 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

The Court agrees that Plaintiffs have failed to establish the "express aiming" requirement of the purposeful direction test. Defendant's maintenance of a website and social media pages using the Diva Attorney Mark (and appearance on a national podcast) without "something more," is insufficient to establish "express aiming." See Herbal Brands, 72 F.4th at 1091 ("It is well settled that [m]ere passive operation of a website is insufficient to demonstrate express aiming." (internal quotations and citations omitted)). Moreover, neither Plaintiffs' bare bones assertions that Defendant "has held herself out to citizens of" California as "Diva Attorney" (Docket No. 23-1), nor Defendant's three trips to California as president of the National Bar Association, are sufficient to establish "express aiming." See Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007) ("[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.").

### 2.  Second Prong

Plaintiffs also fail to establish the second prong of the Ninth Circuit's test which requires that a plaintiff's claim "arises out of or relates to the defendant's forum-related activities," is satisfied if the plaintiff would not have been injured "but for" the defendant's contacts with the forum. Panavision, 141 F.3d at 1322; see Yamashita v. LG Chem, Ltd., 62 F.4th 496, 504 (9th Cir. 2023) ("We have long understood that for an injury to arise out of a defendant's forum contacts required 'but for' causation, in which a direct nexus exists between [a defendant's] contacts [with the forum state] and the cause of action." (internal quotations omitted)). Here, Plaintiffs fail to demonstrate that their claims "arise out of" or "relate to" Defendant's forum-related activities because Plaintiffs have not shown that they would not have been injured "but for" Defendant's trips to California.

### 3.  Third Prong

The third "reasonableness" prong of the Ninth Circuit's test is satisfied when the following factors weigh in favor of the Court's exercise of personal jurisdiction over a non-resident defendant:

(1)  The extent of purposeful interjection into the forum state;
(2)  The burden on the defendant of defending in the forum;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

(3) The extent of conflict with the sovereignty of defendant's state;
(4) The forum state's interest in adjudicating the dispute;
(5) The most efficient judicial resolution of the controversy;
(6) The importance of the forum to plaintiff's interest in convenient and effective relief; and
(7) The existence of an alternative forum.

FDIC v. British-Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

Here, the "reasonableness" factors do not weigh in favor of the Court's exercise of personal jurisdiction over Defendant.

### a. Purposeful Interjection

Under the first factor, "courts examine how extensive the defendant's contacts are in the forum state." In re McKinsey & Co., Inc. Nat'l Opiate Consultant Litig., 637 F. Supp. 3d 773, 788 (N.D. Cal. 2022) (citing Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1132 (9th Cir. 2003)). Defendant does not conduct any business, and is not licensed to practice law, in California. Rather, Defendant merely traveled to California a few times in the past five years as president of the National Bar Association. Accordingly, the extent of Defendant's purposeful interjection into the forum state is minimal and this factor weighs against the Court's exercise of personal jurisdiction over Defendant.

### b. Burden on Defendant

Defendant will likely be burdened by litigating this action in California given that she does not reside or conduct business here. However, courts increasingly recognize that "modern advances in communications and transportation have significantly reduced the burden of litigating in another forum." Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp., 905 F.3d 597, 608 (9th Cir. 2018) (internal quotations omitted). Accordingly this factor weighs slightly against the Court's exercise of personal jurisdiction over Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

### c. Conflict with Sovereignty of Another State

Plaintiffs' claims are brought under federal law and California law. Thus, it is unlikely that the Court's exercise of personal jurisdiction over Plaintiff's claims will undermine the sovereignty of another state. See Elswick v. BNSF Ry. Co., No. 1:22-CV-00975-CL, 2022 WL 18832072, at *5 (D. Or. Dec. 22, 2022) (explaining that the third reasonableness factor "is not a concern" because the plaintiff brought his claims pursuant to a federal statute, which is "applied uniformly throughout the country"), report and recommendation adopted, No. 1:22-CV-00975-CL, 2023 WL 2163471 (D. Or. Feb. 22, 2023). Accordingly, this factor weighs in favor of the Court's exercise of personal jurisdiction over Defendant.

### d. Forum State's Interest

"California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." Gordy v. Daily News, L.P., 95 F.3d 829, 836 (9th Cir.1996). Here, Plaintiff Diva Lawyers Club is a California Corporation with its principal place of business in California, and Plaintiff Clark is a resident of California. Therefore, the fourth factor weighs in favor of the Court's exercise of personal jurisdiction over Defendant.

### e. Efficient Judicial Resolution

The fifth factor depends "primarily [on] where the witnesses and the evidence are likely to be located." Menken v. Emm, 503 F.3d 1050, 1061 (9th Cir. 2007) (internal quotations omitted). However, this factor "is no longer weighed heavily given the modern advances in communication and transportation." Harris Rutsky, 328 F.3d at 1133 (quoting Panavision, 141 F.3d at 1323). Here, neither party provides any facts regarding the location of evidence or witnesses. Accordingly, this factor is neutral.

### f. Plaintiffs' Interests

The sixth factor considers "the convenience and effectiveness of relief for the plaintiff." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1490 (9th Cir. 1993). In evaluating this factor, courts have ultimately "given little weight to the plaintiff's inconvenience." Panavision, 141 F.3d at 1324. "A mere preference on the part of the plaintiff for its home forum does not affect the balancing[.]" Core-Vent, 11 F.3d at 1490; see also Panavision, 141 F.3d at 1324 (explaining that, where "[i]t may be somewhat more costly and inconvenient for [a plaintiff] to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

litigate in another forum," this factor "is essentially neutral"). Here, Plaintiffs merely contend that litigating in California will be more convenient for them. Therefore, this factor is also neutral.

### g. Alternative Forums

Finally, the Court considers whether an alternative forum exists. See Core-Vent, 11 F.3d at 1490. There are other forums that may be appropriate for this action, such as Kentucky, where Defendant resides and conducts business. Accordingly, the seventh factor weighs against the Court's exercise of personal jurisdiction over Defendant.

Overall, the majority of the non-neutral factors weigh against the Court's exercise of personal jurisdiction over Defendant. That is, Defendant could not "reasonably anticipate being haled into court" here for the claims asserted in this action. See World-Wide Volkswagen Corp., 444 U.S. at 297.

### B. Jurisdictional Discovery

Plaintiffs request leave to conduct jurisdictional discovery to establish that Defendant used the Diva Attorney Mark when she was in California. They seek to subpoena the National Bar Association to obtain information about Defendant's trip to California. Plaintiffs also seek to take the depositions of Defendant and "various members of the National Bar Association" and its affiliate, the "California Association of Black Lawyers." (Docket No. 29 at pp. 5–6.) Plaintiffs, however, do not specify the exact information they hope to obtain or how it would help them remedy the indicated jurisdictional defects, and thus fail to show that the requested discovery is anything more than a fishing expedition.

A court may properly deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citing Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986)). Here, Plaintiffs do not explain how the jurisdictional discovery they seek would render the Court's exercise of personal jurisdiction over Defendant reasonable. Nor do they show how such discovery would remedy Plaintiffs' failure to satisfy the first or second elements of the Ninth Circuit's test for specific personal jurisdiction. The Court need not permit discovery when it is based on speculation that contradicts the actual evidence submitted by Defendant. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1292 PA (MARx) | Date | August 15, 2024 |
|---|---|---|---|
| Title | The Diva Lawyers Social Club, Inc., et al. v. Lonita K. Baker | | |

limited discovery . . . ." (internal quotations omitted)). Accordingly, the Court denies Plaintiffs' request for jurisdictional discovery.

## **Conclusion**

For all the foregoing reasons, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction. Plaintiffs' Complaint is dismissed without prejudice, and without leave to amend because any amendment would be futile. See Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) ("Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (internal quotations and citations omitted).

IT IS SO ORDERED.